Harris vs. Meyer and another.

---

HARRIS, Appellant, vs. MEYER and another, Respondents.

*December 13, 1892 — January 10, 1893.*

*Partnership: Firm and individual debts: Fraudulent conveyance: New trial.*

1. After the dissolution of a firm, a partner who has purchased the interests of his copartners in the firm property may convey the same to pay or secure an individual debt, unless such conveyance is fraudulent as to the creditors of the firm.
2. The payee of a note previously given by such partner in the firm name, but in fact for his individual debt, cannot question such a conveyance as being a fraud on the creditors of the firm.
3. A new trial should not be granted on the ground of newly discovered evidence which by the use of reasonable diligence might have been discovered before the trial.

APPEAL from the Superior Court of *Milwaukee* County. The appeal is from a judgment sustaining the traverse of an affidavit for an attachment and dissolving the attachment, and from an order denying a motion for a new trial. The facts are stated in the opinion.

For the appellant there was a brief by *Bloodgood, Bloodgood & Kemper*, and oral argument by *Francis Bloodgood*. *E. Q. Nye*, for the respondents.

ORTON, J.   The attachment in this case, based upon the two grounds that the debt was fraudulently contracted and that the defendants had transferred their property to de-

fraud their creditors, was dissolved by the court on the traverse of the affidavit. A motion for a new trial on the ground of newly discovered evidence was denied. The main facts are substantially as follows:

Previous to February 7, 1890, the plaintiff and the defendant *William Franckenberg* were partners under the name of the "Harris Shirt Waist Company," and on that day the plaintiff sold out his interest in the concern to the defendant *Fred. Meyer* for $2,627; $800 paid down, and the balance secured by nine notes of $203 each, the first payable in sixty days, and each of the others in every thirty days following each other. The first six notes have been paid, and this action is brought on the last three. These notes were signed by *Meyer* in the name of the firm, but to secure his individual debt. On the same day, but before, *Meyer*, having borrowed the money of his wife, gave her a judgment note for $3,600; and in July following gave his sister-in-law, Helena Bach, another judgment note for $500, also for borrowed money. Judgments were entered on said notes, and all the property of said new firm (but which then belonged to *Meyer* alone, he having purchased the interest of his partner *Franckenberg*) was seized and taken by the sheriff on the executions, and the plaintiff's attachment was afterwards levied on the same property, subject to said executions. *Meyer* also conveyed to his wife all of said property, and then he conducted the business as her agent.

The issues on the traverse of the affidavit having been tried by the court, and on evidence — relating, at least, to the first ground, that the debt was fraudulently contracted — of a contradictory character, the finding of the court ought not to be disturbed if there was any evidence to sustain it. It appears that the representations made by *Meyer*, according to his own testimony, were strictly true.

In respect to the assignment of *Meyer* to his wife, there

Harris vs. Meyer and another.

appears to be no evidence that it was fraudulent.   At that time *Meyer* owned all of the property, having purchased the interests of his partners therein, and the partnership was dissolved.   He had a right, therefore, to assign the property to pay or secure his own debt, unless it was fraudulent as to the creditors of the former partnership; and it does not appear that it was made with any such intent, or that the purchase of the interest of the retiring partners was not a perfectly honest transaction.   This doctrine is admitted by the learned counsel of the appellant, and they cite *Case v. Beauregard*, 99 U. S. 119, and *Ex parte Ruf-fin*, 6 Ves. 119, to sustain it, but with the reservation that the transfer to *Meyer* by his retiring partner was not *bona fide*.   Further, to sustain the doctrine, see *Schleicher v. Walker*, 28 Fla. 680, and *Hanford v. Prouty*, 133 Ill. 339, cited in respondents' brief.   We cannot disturb the findings of the court on the facts.

But there is a fact in this case that first presents itself, that is fatal to the claim of the plaintiff.   He sold out his interest in the partnership to *Meyer*, and *Meyer* paid him the $800, and is liable individually to pay the balance.   It is *Meyer's* debt, and not that of the partnership, no matter what the form of the notes may be.   If *Meyer* gave him the notes of the partnership to secure his individual debt, it did not make it the debt of the partnership, as against the creditors of the firm.   What right has the plaintiff to claim as a creditor of the firm, and representing the other creditors also, and to question the assignment of *Meyer* as being a fraud on the creditors of the firm, to pay his individual debt, when he is a creditor of *Meyer* alone, the same as the plaintiff in the judgment on the judgment notes? The evidence is conclusive that the plaintiff sold out to *Meyer*, and *Meyer* bought for himself alone.   The plaintiff had no right, therefore, to attach the property of the firm or sue the firm for his individual debt, or to question the

title of another individual creditor of *Meyer* who has secured priority.

The motion for a new trial was properly overruled. It appears to have been based on a newly discovered witness, rather than on newly discovered evidence; and the witness was not newly discovered, either, for it was *Franckenberg*, one of the partners, and well known, and the plaintiff could have obtained his testimony by the use of very little diligence.

*By the Court.*— The judgment of the superior court is affirmed.